UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:02-CR-91-5 |
| | ) | |
| GERARD BLANCHARD | ) | |
| | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION FOR SPECIAL LISTING OF TRIAL
AND EXCLUSION OF TIME FROM SPEEDY TRIAL COMPUTATION**

NOW COMES the United States of America, by and through its attorney, Tristram J. Coffin, and submits this Unopposed Motion for Special Listing of Trial and Exclusion of Time from Speedy Trial Computation.  By this unopposed motion, the United States seeks an Order special listing this case for trial approximately 90 days after the Court's decision on any motion filed within time of the current motions deadline, or approximately 90 days after expiration of the current motions deadline, and exclusion of time from the date of the Order until the time of trial for Speedy Trial Act purposes pursuant to the interests of justice exclusion.  In support of this motion, the United States submits the following:

Defendant Gerard Blanchard was arrested in Los Angelos, California in December, 2010 and appeared in this district on January 13, 2011.  Blanchard has been charged by the United States and Canada for offenses related to marijuana trafficking with the Marc Andre Cusson marijuana smuggling ring.  Blanchard pled guilty to charges in Canada in 2005.  Canada declined to extradite Blanchard to the United States to face charges in this district.  The charges in the United States indictment, and a warrant for Blanchard's arrest, remained outstanding.

After his arrest on the United States charges and his appearance in this Court, Blanchard

filed a motion to dismiss the indictment, which the United States opposed.  While that motion was pending, Blanchard filed a motion seeking a continuance in the motions date in the case until 30 days after the time in which the Court entered a decision on his motion to dismiss.  The United States did not oppose that motion.  The Court granted Blanchard's motion on May 26, 2011.

On August 4, 2011, the Court issued an opinion an order denying Blanchard's motion to dismiss.  Thus, the current motions deadline expires 30 days from August 4, on September 3, 2011, unless additional motions are filed.

By this motion, the United States seeks an order special listing this case for trial at a time approximately 90 days after the Court issues its last decision on any motions filed by Blanchard within the current motion deadline, or approximately 90 days from the expiration of the current motions deadline should no additional motion be filed.

This case is unusually complex.  The indictment charges Blanchard with involvement in a large scale marijuana distribution and money laundering scheme involving thousands of pounds of marijauna and millions of dollars.  The scheme is alleged to have occurred during the late 1990s and early 2000s.  The drug trafficking enterprise was far flung scale and sophisticated.  Proof at trial will involve many co-conspirator witnesses from different levels of the drug ring, as well as a large number of lay witnesses from many areas.  Significantly, the trial in the case will require significant foreign evidence and witnesses from Canada.  These witnesses and evidence are beyond the subpoena power of the United States court and can best be obtained by having a trial date with enough lead time to permit arrangements for their appearance to occur in the United States through arrangements with the Canadian government and/or Mutual Legal

Assistance Treaty requests.  Because of the far flung nature of the conspiracy and the amount of time that has passed, witnesses located in the United States also will require additional time to assemble for trial.  Given the size and scope of the drug conspiracy, and the significant foreign proof involved, the case is worthy of special listing due to the unusually complex nature of the trial.  The government contemplates a trial in this case would take two to three weeks.

Richard Bothfeld, Esq., the attorney representing Blanchard, and I have spoken about this case generally and in particular about special listing the case for trial.  Attorney Bothfeld has no objection to special listing this case for trial at a time approximately 90 days after the Court's decision on the last motion he files or approximately 90 days after the expiration of the current motions period.  Discussions about resolving the case short of trial are ongoing.

Consequently, the ends of justice would be best served by the requested special listing and outweigh the interests of the public and defendants in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).

Attorney Bothfeld has represented that he has no objection to this motion and that Defendant understands that any time added before trial would be excluded from Speedy Trial Act compuation.  Accordingly, Defendant, defense counsel, and the government agree that the exclusion is appropriate and reasonable pursuant to 18 U.S.C. § 3161(h)(7)(A).

WHEREFORE, the United States respectfully requests that the Court specially list this matter for trial on a date approximately 90 days after the Court issues its last decision on any motions Defendant files during the current motions period, or approximately 90 days after the current motions period passes should no additional motions be filed, and exclude the time between the date the proposed Order is signed and the trial date under the Speedy Trial Act

3

pursuant to the interests of justice exclusion.

Dated at Burlington, in the District of Vermont, this 10th day of August, 2011.

Respectfully submitted,

UNITED STATES OF AMERICA

By: */s/ Tristram J. Coffin*
TRISTRAM J. COFFIN
United States Attorney
P.O. Box 570
Burlington VT 05402-0570
(802) 951-6725
Tristram.Coffin@usdoj.gov